**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JESSICA MARIE KLEGSTAD (Beske),

Petitioner,

v.

JAMES TADMAN, Sheriff of Polk County, Minnesota,

Respondent.

Case No. 26-cv-3524 (ECT/DJF)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Ground Three of Petitioner Jessica Klegstad's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2441 ("Petition") (ECF No. 1).[1] She alleges the State of Minnesota has denied her right to a speedy trial and asks the Court to issue a conditional writ directing the State to hold a contested omnibus and *Rasmussen* hearing and bring her to trial in *State of Minnesota v. Beske*, No. 60-cr-24-766 (Minn. Dist. Ct. May 10, 2024) ("*Beske*" [2]). (*See* ECF No. 1 at 22.) As relevant to this Report and Recommendation, Ms. Klegstad is currently being prosecuted for charges of third-degree felony drug possession and gross misdemeanor driving while impaired. *See Beske* (Index No. 1). The State filed charges in *Beske* on May 10, 2024. *Id.* (Index No. 1 at 1-2). Ms. Klegstad, both with counsel and proceeding pro se, has filed multiple motions and correspondence in *Beske*. *See generally id*. (Index). She also unsuccessfully sought a writ of prohibition from the Minnesota Court of Appeals to disqualify the district court judge, to dismiss the charges based on alleged violations of her constitutional right to a speedy

[1] The Court previously denied the remaining grounds of the Petition. (ECF No. 13.)
[2] Petitioner's maiden name is Beske. She filed the Petition under her married name.

trial, to compel discovery, to investigate ineffective assistance of counsel and prosecutorial misconduct claims, and to modify her conditions of release. *See In re Jessica Marie Beske*, No. A26-1002 (Minn. Ct. App. 2026).

The omnibus hearing in *Beske*, which the trial court rescheduled multiple times, was previously scheduled for June 18, 2026. *See Beske* (Index No. 160). Ms. Klegstad failed to appear at that hearing. *See id*. As a result, the State obtained a warrant for Ms. Klegstad's arrest for "failing to obey the order/summons of the court to appear for Contested Omnibus," charged her with felony failure to appear, and obtained a separate warrant for her arrest under that charge. *See Beske* (Index No. 161).

The trial court rescheduled the omnibus hearing for September 10, 2026, at which Ms. Klegstad pleaded not guilty and demanded a speedy trial. *See Beske* (Index No. 195). A pretrial hearing was continued to September 11, 2026, and at that hearing, the court set the trial for October 12, 2026. *Id*. (Index No. 197). Ms. Klegstad's jury trial began on October 12, 2026 as scheduled, *see Beske* (Index No. 206), and the jury found her guilty on October 13, 2026, *see Beske* (Index No. 216). Sentencing in the matter is scheduled for November 12, 2026. *See Beske* (Index No. 211).

The Sixth Amendment provides defendants with a right to a speedy trial that "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Cooke*, 853 F.3d 464, 471 (8th Cir. 2017) (quoting *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)). The Sixth Amendment right to a speedy trial does not extend beyond conviction. *Betterman v. Montana*, 578 U.S. 437, 448 (2016). The United States Supreme Court has held that "the guarantee [to a speedy trial] protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded

guilty to criminal charges." *Id.* at 439. The right to a speedy trial, therefore, does not apply to the time between conviction or plea and sentencing, in which Ms. Klegstad is now situated. *See id.* Because a jury found Ms. Klegstad guilty in *Beske,* the speedy trial claim asserted in the portion of her Petition that the Court permitted to proceed is now moot. Having previously recommended dismissal of Grounds One, Two, and Four, the Court now recommends Ground Three of the Petition be denied as moot and this matter be dismissed.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. Ground three of Petitioner Jessica Marie Klegstad's Petition for Habeas Corpus Relief (ECF No. 1) be **DENIED AS MOOT**.
2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 19, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).